OWEN McGOVERN *et al.* Plaintiffs in Error, *vs.* SAMUEL BROWN *et al.* Defendants in Error.

*Opinion filed April 24, 1925.*

1. BUILDING RESTRICTIONS—*when grantee of lot acquires rights enforceable against other lot owners.* Where a tract of land is subdivided into lots and the lots are conveyed to separate purchasers subject to conditions that are of a nature to operate as an inducement to purchasers and to give each purchaser the benefit of a general plan of building or occupation, so that each shall have attached to his lot a right in the nature of an easement or incorporeal hereditament in the lots of the others, a right is thereby acquired by one grantee which he may enforce against any other.

2. SAME—*what easement is created by establishment of building line.* The establishment of a building line creates an easement of unobstructed light, air and vision for the benefit of the public and of the owners whose property is included in the restricted area.

3. SAME—*restriction cannot be enforced against grantee who had no notice—burden of proof.* As a general rule, a building line restriction cannot be enforced against a subsequent purchaser who acquires title to a lot without notice, either actual or constructive,

of the general plan of the buildings or occupation which constitutes the restriction, and the burden of proving notice is upon the person seeking to enforce the restriction.

4. Same—*complainants cannot enforce a building restriction which they themselves have violated.* Although defendants had notice of a building line restriction when they purchased their lots, complainants will not be allowed to enforce the restriction where they have by their acts and conduct disregarded the restriction and have acquiesced in other builders disregarding it.

Writ of Error to the Superior Court of Cook county; the Hon. Joseph Sabath, Judge, presiding.

Martin & Martin, for plaintiffs in error.

Shulman, Shulman & Abrams, (Meyer Abrams, of counsel,) for defendants in error.

Mr. Chief Justice Duncan delivered the opinion of the court:

Plaintiffs in error, Owen McGovern, Rose Friedrick, John J. Brunen, Nick Palivos and Thomas A. McClory, (herein referred to as complainants,) filed their bill in the superior court of Cook county to enjoin Samuel and Mary Brown, defendants in error, (herein called defendants,) from violating a building line restriction imposed on the property upon which they were about to erect a building. A temporary injunction was issued and thereafter defendants filed their answer to the bill. A replication was filed to the answer and the issues were referred to the master in chancery for proofs and findings. The master recommended that the relief prayed in the bill be decreed and overruled objections. The court heard the cause on exceptions, which were sustained, and dismissed the bill for want of equity. Complainants have filed a transcript of the record in this court for a review by writ of error.

The lots affected by this suit are twenty-four in number, numbered 25 to 48, inclusive. They are situated be-

tween Cicero and Kilpatrick avenues and face south on
Jackson boulevard, in Chicago, and are in the south half
of block 6 in Hobart's subdivision of the northwest quar-
ter of the northwest quarter of section 14, township 39,
north, range 13, east, Cook county, Illinois. Lot 25 is west
of lot 48 and corners on Cicero avenue and Jackson boule-
vard, and lot 48 corners on Kilpatrick avenue and Jackson
boulevard.

The bill alleges the following facts: In 1888 Davenport
Galbraith became the owner of the south half of block 6,
except lots 25 and 26. The plat of Hobart's subdivision
was recorded in 1874. Galbraith sold at auction in 1889
the majority of the lots in the block through his agents,
E. A. Cummings & Co. His agents, in advertising the
auction sales of the lots, used printed maps and literature,
and as an inducement to prospective purchasers they printed
these words in the advertising literature: "A building line
of thirty feet on West Monroe, Adams and Jackson streets."
By *mesne* conveyances complainant McGovern became and
is now the owner of lot 35 in the block, complainant Fried-
rick of lot 33, complainant Brunen of lot 28, complainant
Palivos of lot 30, and complainant McClory of lot 29. De-
fendants are owners of lots 31 and 32 as joint tenants. All
the deeds contain the following provision, or words of the
same tenor and effect: "This deed is granted upon the ex-
press condition and stipulation that no building be erected
upon the said above premises prior to January 1, 1898, cost-
ing less than $2000, the necessary out-buildings of any resi-
dence excepted. Second party [purchaser] also agrees not
to build within thirty feet of the south line of said prem-
ises." The abstracts of title for the respective lots disclose
the building restrictions, and that the purchasers of the
lots invested their money in them, erected buildings upon
them and made improvements in accordance with the build-
ing restrictions. The bill alleged that on January 31, 1923,

the defendants wrongfully and unlawfully applied for and obtained a building permit for the erection of an apartment building on their lots; that the building, as shown by the plans and specifications, has six apartments and six sun porches; that the apartment building is set full up to the building line, and the sun porches will extend over the established building line from ten to twelve feet, will run up the whole front of the building from the basement to the roof, and are on a foundation contiguous with the building, with contiguous walls and of the same material, and will be material parts of the building; that the object sought by Galbraith in inserting the building line restriction in the deeds to said lots was to establish uniformity in appearance and construction of any improvements made on the lots; that if defendants be permitted to construct their apartment building as contemplated it would destroy the object for which the restriction was imposed on the lots, which would be contrary to the intent and purpose for which Galbraith established the building line; that complainants bought their lots on the strength of living in a strictly residential district and have built or purchased residences strictly obeying and abiding with and by the building line restriction; that the building line restriction in the deeds from Galbraith contains the covenant "that forever no building shall be erected on any of the said lots within thirty feet of the street line thereof."

By their answer defendants admit that they own lots 31 and 32; that they obtained a building permit to build their apartment, and that the sun porches thereof will extend beyond the building line to the extent of ten or twelve feet. They deny the other allegations in the bill in part and neither admit nor deny other allegations and require strict proof. They aver that the owners of the other lots who have built thereon have disregarded the building line restrictions, and have extended their buildings, bay windows, porches and steps therefrom from a few inches to eight feet beyond the building line.

On the hearing before the master it was established that the buildings on lots 25 and 26 are built up to the sidewalk on Jackson boulevard and cover the entire thirty feet of ground within the restriction. After the master had made his report complainants filed an amendment to their bill, striking out all reference to lots 25 and 26, but did not amend the bill in the part thereof alleging that the building line was uniform and had been complied with by all owners of said lots.

The record discloses that lots 28 and 33, owned by complainants Brunen and Friedrick, are vacant lots. The building on lot 29, owned by complainant McClory, sits back of the building line about three feet but has an open frame porch which extends about six feet over the line, and the wooden steps thereto extend three feet farther south, toward Jackson boulevard. The building on lot 30, owned by complainant Palivos, presents practically the same condition as to encroachment on the building line as the one on lot 29. The building on lot 35, owned by complainant McGovern, extends about seven inches over the building line and has a bay window which extends more than three feet over the line, and a brick porch, which is enclosed, extends more than eight feet over the line. The buildings on lots 36, 44 and 45 extend over the building line several inches, and the sun porches, bay windows and porches extend several feet over the line. The buildings on lots 40 and 43 do not extend over the line but the bay windows and porches thereof extend several feet south of the line. All the other lots, 27, 34, 37, 38, 39, 41, 42, 46, 47 and 48, are vacant. This makes an actual showing in the record that there is not a single building that has been built on any of these lots that is not a positive encroachment on the alleged building line restriction. Complainants introduced in evidence the deeds from Galbraith to lots 27 to 48, inclusive, in the south half of the block. These deeds contain a covenant that the grantees will not erect any building within thirty feet of

the south line of the premises, except as to lot 33, in which the building line is described as thirty feet from the east line of the premises. None of the deeds contain the covenant on the part of the grantor that he will convey the other lots in the south half of the block with the same building line restriction, and none of the deeds recite that the building line restriction is for the benefit of the owners of the other lots in that half of the block. The deeds to the lots were not all executed and delivered at the same time. A circular advertising the sale of the lots, put out by E. A. Cummings & Co., who sold a number of the lots at auction for Galbraith, in which it is alleged that it was stated the building line restriction would be imposed for the benefit of the buyers of the lots, was introduced in evidence but has not been preserved in the record, and McClory, who testifies to having seen the circular previous to the auction sales in November, 1889, does not testify to its contents. The plat of block 6 of Hobart's subdivision does not show any building line on the lots in the south half thereof.

The first question presented for decision is whether or not Galbraith established a general plan of building on the lots in accordance with which buildings could not be erected on any of them within thirty feet of the south line, and whether or not he intended the restriction to be for the benefit of all the lots. The intention of Galbraith to impose upon the lots for the benefit of the owners of the other lots a restriction as to building within thirty feet of the south line of the lots seems to be manifest from the facts in the record and the character of the transactions between himself and various grantees. The record shows that each deed contained practically the same restriction as to building over the thirty-foot line, and also a provision as to the character or cost of the building to be built on each lot. These facts are sufficient to show that Galbraith had an intention to impose these burdens on the lots for the benefit of the other lot owners. Where a tract of land is

subdivided into lots and the lots are conveyed to separate purchasers subject to conditions that are of a nature to operate as an inducement to purchasers and to give each purchaser the benefit of a general plan of building or occupation, so that each shall have attached to his lot a right in the nature of an easement or incorporeal hereditament in the lots of the others, a right is thereby acquired by each grantee which he may enforce against any other grantee. (*Clark* v. *McGee*, 159 Ill. 518; *Ewertsen* v. *Gerstenberg*, 186 id. 344; *O'Gallagher* v. *Lockhart*, 263 id. 489; *Simpson* v. *Mikkelsen*, 196 id. 575.) The establishment of a building line also creates an easement of unobstructed light, air and vision for the benefit of the public and of the owners whose property is included in the restricted area.

The second question argued is whether or not defendants had actual or constructive notice of the restriction in favor of the other lot owners when they purchased their lots. The general rule is, that if a subsequent purchaser acquires a title to a lot in a restricted area of this character, either by conveyance from the original grantee or by *mesne* conveyance from him, without notice, either actual or constructive, of the general plan of the buildings or occupation which imposes a building line restriction, the restriction cannot be enforced against him. (*Hays* v. *St. Paul M. E. Church*, 196 Ill. 633.) The burden of proving notice is upon the person seeking to enforce the building line restriction. (*Hays* v. *St. Paul M. E. Church, supra.*) In view of our decision it may be assumed for the purpose of this suit that defendants had notice of the building line restriction when they purchased their lots.

The controlling fact in favor of defendants is, that if there was a building line established for the benefit of the other lots and lot owners in the south half of the block, and if defendants had notice of such restriction when they purchased their lots, complainants are not in a position to de-

mand compliance with the restriction, as they have by their acts and conduct disregarded the restriction and have acquiesced in other builders on the lots disregarding it. The facts in the record disclose, as already shown, that not a single person who has bought a lot in the south half of the block and has built upon it has complied with the restriction but all of them have violated it. The encroachments upon the building restriction are substantial in every instance, and the owners of the vacant lots and the complainants in this suit have stood by and acquiesced in these substantial violations of the building line restriction, and three of complainants have themselves violated it in constructing their buildings. Under the previous decisions of this court complainants cannot and will not be allowed to enforce the restriction against defendants. *Curtis* v. *Rubin,* 244 Ill. 88; *Ewertsen* v. *Gerstenberg, supra; Kneip* v. *Schroeder,* 255 Ill. 621.

The decree of the superior court is affirmed.

*Decree affirmed.*