## Martin Reis and Beatrice Reis, Appellees, v. David Bixhorn and Rose Bixhorn, Appellants.

Opinion filed May 29, 1933.

ARTHUR R. FELSEN, for appellants.

McGLYNN & McGLYNN, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Upon the trial of this case in the court below, it was stipulated by the parties that on August 8, 1929, the Illinois State Trust Company, trustee, conveyed to Harry Novack, by special warranty deed, a lot in East St. Louis, which instrument contained the following covenant:

"It is agreed on behalf of the grantee that the premises herein described constitutes a portion of a strictly residential district, and that no buildings shall be constructed thereon except for residential purposes, other than garages and necessary outbuildings, and that such residence buildings, so constructed, shall not be used for any purpose whatever except as above mentioned. That no garages or other outbuildings shall be used or occupied for living quarters before the completion and occupancy of the main residence buildings located thereon. That all buildings erected on these premises shall be set back on the front of the lot at least twenty-five feet from the front street line, and that all such buildings must be made of brick, or brick, stone and tile, and that the main residence buildings so constructed shall cost, at a fair, reasonable contract price, not less than $5,000, and that these restrictions shall extend to and be binding on the grantees, assigns, heirs and legal representatives forever.

"It is further understood that a violation, in whole or in part, of any of the above limitations and restrictions by the grantees, assigns or legal representatives, or any one claiming under them, shall cause the above described property to revert immediately to the trustee herein mentioned, and shall entitle the trustee, or its lawful agent, to take possession immediately as herein provided, and that a portion of the consideration of this agreement is the covenants herein entered into.

"It is further agreed that this property shall never be sold, rented or leased to a person of African descent, and that no sign or signboards of any kind or description shall be erected on the property herein described while unimproved."

And that subsequently, Novack transferred to appellants, David Bixhorn and Rose Bixhorn, as joint tenants, the lot referred to. The instrument of con-

veyance, however, did not contain, nor refer to, the restrictions previously mentioned; nor does it appear from the stipulation that either deed was ever recorded.

Appellees, Martin Reis and Rose Reis, are the owners of another residential lot, across the street from that of appellants. The former filed their bill for an injunction against the latter, alleging that they were violating the covenant of restriction, by using the garage upon the rear of the lot for commercial purposes; that is to say, that appellant David Bixhorn was in the newspaper business; that he caused large truck loads of St. Louis newspapers to be brought to the garage, at late hours of the night, where they were wrapped into bundles, and from there distributed to his customers; that such work was accompanied by much noise, causing appellees to be inconvenienced and disturbed in their sleep, and that as a consequence the market value of their residence property was diminished. They prayed for an injunction to restrain the use of the lot in question for business purposes.

The chancellor, after a hearing, ordered an injunction as prayed for, and appellants by this appeal seek to reverse such decree, alleging, among other grounds, that they at no time had any knowledge, either actual or constructive, of the covenant of restriction in the deed from the Illinois State Trust Company to Novack.

Restrictions of the character involved in this suit, are valid as matters of contract, and are binding upon subsequent purchasers of the premises, who, at the time they acquire title, have notice, either actual or constructive, of the limitation of the use of the property, contained in the former instrument of conveyance. It is essential that such later grantees, at the time of their purchase, know of the restrictive covenant in the former deed, or were charged by the situation or

circumstances, with such knowledge, or put upon inquiry to ascertain such fact; otherwise they are not bound by its terms. *McGovern v. Brown,* 317 Ill. 73; *Hays v. St. Paul M. E. Church,* 196 Ill. 633. Moreover, the burden of proving such notice is upon the person who seeks relief under the restriction. *McGovern v. Brown, supra.*

In the instant case, there is no fact or circumstance shown by the evidence, that appellants had any actual knowledge of the covenant in the deed from the Illinois State Trust Company to Novack; nor is there anything in the testimony to show that they were charged with such knowledge, or put upon inquiry to ascertain whether such covenant in fact existed. There is no testimony that such deed was ever recorded, hence there is no evidence that the land records of the county were constructive notice to appellants of the restrictive covenant.

Appellees had the burden of proving that appellants, at the time they purchased the premises in question, had knowledge, either actual or constructive, of the restriction in the prior deed. The evidence fails to establish such facts. Without such proof, an essential element of appellees' case was lacking, and they were not entitled to the relief sought.

The decree is reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*