MELVILLE CLARK

*v.*

JOHN McGEE.

*Filed at Ottawa January 20, 1896.*

INJUNCTIONS—*building restrictions in deed—rights of the adjoining lot owners.* A building restriction in a deed cannot be enforced, by injunction on a bill by an adjoining lot owner, merely because similar restrictions are contained in his deed, when the restrictions were not part of a general scheme under which the lots in a certain tract were all to be subject to restrictions for the benefit of the several lot owners, and the deeds of some of the lots contained no restrictions, while the others did not have the same restrictions although they were somewhat similar.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This was a bill in equity, brought by Melville Clark in the circuit court of Cook county, against John McGee, to enjoin the erection of a certain building and asking for the removal of the building. Upon filing the bill a temporary injunction was granted. The defendant appeared and put in an answer to the original bill and entered a motion to dissolve the injunction. The court denied the motion, whereupon McGee removed the building in process of erection and commenced the erection of another building. The complainant then filed a supplemental bill, in which it was alleged that he is a resident of Chicago; that on the 18th day of June, 1895, he exhibited his bill of complaint against John McGee and John McInnis, alleging therein that he was the owner in fee simple of certain premises in Chicago, to-wit, lot 38, in Walter S. Dray's Cottage Grove addition to Park Manor, being a subdivision of the west five acres of the east seven and one-half acres of the south-east quarter of the north-west quarter of the north-east quarter of section 27, township 38, north, range 14, east of third principal meridian; that said premises are situated at the south-west corner

of Seventy-second street and Rhodes avenue, in Chicago,
fronting 44.65 feet on Rhodes avenue and 123.87 feet on
Seventy-second street, and that there is a 16-foot alley
immediately in the rear of and adjoining said lot; that
said subdivision was made by Walter S. Dray, the then
owner of all the property in said subdivision, and a plat
thereof was made and acknowledged by Dray as owner,
and duly recorded with the recorder of Cook county on
the 26th of February, 1890; that the property so sub-
divided by Dray comprised the entire frontage on Rhodes
avenue on both sides of the street from Seventy-second
to Seventy-third street, being 599.30 feet on each side
thereof, and the lots on the east side of Rhodes avenue
were numbered commencing from Seventy-second street
and running south to Seventy-third street, as lots 1 to 19,
respectively, and those on the west side thereof were
numbered commencing at Seventy-third street and run-
ning north to Seventy-second street, as lots 20 to 38,
respectively; that lots 21 to 37, inclusive, have each a
frontage of 30 feet on Rhodes avenue by 123.87 feet deep
to a 16-foot alley; that lot 20 is at the north-west corner
of Seventy-second street and Rhodes avenue, and has a
frontage of 44.65 feet on Rhodes avenue by 123.87 feet on
Seventy-third street, likewise to said 16-foot alley; that
Rhodes avenue is 66 feet wide; that complainant pur-
chased lot 38 from E. A. Taylor on the 4th of April, 1891,
for $1525, and received a deed from Taylor bearing date
the same day, which was recorded in the recorder's office
of said Cook county; that at the time Dray made his said
subdivision, and pursuant to a general scheme or plan
adopted by him, and for the benefit of all future owners
of lots in said subdivision, he conveyed all lots in said
subdivision subject to certain restrictions inserted by
him in the deed to the different purchasers of lots in
said subdivision; that all of the deeds for said lots, ex-
cept possibly two or three of the lots in said subdivision,
contained such restrictions, and that the purchasers of

the lots in which such restrictions are not stated in the deeds, bought said lots with actual notice of such restrictions; that the owners of the said two or three lots concerning which no restrictions are contained in the deeds to them, had actual notice that the lots so purchased by them were subject to similar conditions and restrictions as to the kind and cost of buildings and the amount of frontage such buildings should occupy, as were contained in the deeds where such restrictions were mentioned; that John McGee was the owner of the north half of lot 36 and all of lot 37 in Dray's Cottage Grove addition, which has a frontage of 45 feet on Rhodes avenue, and is immediately south of and adjoining the property so owned by complainant, and that McGee obtained title to lot 37 and the north half of lot 36 by deed from Dray and wife dated February 15, 1890, and recorded in recorder's office of said Cook county in book 3189, page 189; that the said deed to McGee contained the following express conditions, which were a part of the consideration thereof : "First, no house shall be erected upon a less portion of the aforesaid premises than a frontage of 45 feet; second, no house shall be erected upon said premises at a less cost than $2000, and be built less than 25 feet back from the front line of said premises;" that in the conveyance of lot 20, in said subdivision, Dray inserted a similar provision to that in the deed to McGee, except that it was provided in such deed that no house should be erected on said lot 20 upon a less portion of said premises than a frontage of 44.65 feet; that in the conveyance of lots 21 to 29 inclusive, and lots 31, 32, 33 and 34, similar restrictions to those contained in said deed to McGee were inserted, except the frontage for each house was to be 30 feet and the cost of each house not less than $2000, and that in the deed to Taylor from Dray and wife, from whom Taylor derived title, similar restrictions were made, except that the house to be erected on such lot should not be erected on a less frontage than 44 feet and that such house should

not cost less than $2500; that said property was situated in a good residence district. It was also alleged that since the filing of the original bill McGee has torn down the frame shanty erected by him on his property, and had then in process of erection a one-story cottage having an eight-inch brick wall, the same being set on posts about two feet from the ground; that said building would not cost, when completed, to exceed $700; that it was being constructed of cheap and inferior material, and is shabby-looking in every respect, and was being erected by McGee with full knowledge on his part that the same is contrary to and in violation of the express covenants contained in the deed to him.

The defendant to the supplemental bill appeared and entered a motion to dismiss. The court, on hearing the motion, allowed the motion and dismissed the bill.

FELSENTHAL & D'ANCONA, for appellant:

There are only two questions involved in this case, as now presented to the court: First, whether such a condition as that contained in the deeds to the property in question is capable of being enforced; and second, by whom can such a condition or covenant be enforced.

The law is that such covenants are valid, and the cases are collected in Washburn on Easements, (4th ed.) on page 112, *et seq.*

Probably the leading case on the question is that of *Parker* v. *Nightingale*, 6 Allen, 341. In *Sanborn* v. *Rice*, 129 Mass. 387, the law and reasoning of the *Parker case* are followed. The most closely reasoned case, however, which has come to our notice is that of *DeGray* v. *Monmouth Beach Club House Co.* 50 N. J. Eq. 329.

The right of one adjoining property owner to sue another on such a covenant as this, was recognized and followed in *Equitable Life Ass.* v. *Brennan*, 24 N. Y. Sup. 784.

So far as we have been able to ascertain, the question has not been passed on by this court. It was referred to, however, in the case of *Hutchinson* v. *Ulrich*, 145 Ill. 336.

FRANK P. LEFFINGWELL, and CHARLES F. McLEAN, for appellee:

If there is doubt as to the meaning of the covenant it must be resolved adversely to the restriction, and the language used is not to be extended or enlarged by implication. *Postal Telegraph Co.* v. *Western Union Telegraph Co.* 155 Ill. 335; *Hutchinson* v. *Ulrich*, 145 id. 336.

An easement in lands cannot be created by parol unless it is for the benefit of the public. *Railroad Co.* v. *Whitham*, 155 Ill. 514.

An easement, as a rule, cannot be granted over, but extends to him only to whom it is given. *Prince* v. *Case*, 10 Conn. 375.

The condition, by way of restraint, in the deed from Dray to the defendant does not inure to the benefit of complainant. *Coughlin* v. *Barker*, 46 Mo. App. 54; *Sharp* v. *Ropes*, 110 Mass. 381; *Badger* v. *Boardman*, 16 Gray, 559; *Jewell* v. *Lee*, 14 Allen, 145.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Walter S. Dray, who owned a tract of land in Chicago consisting of five acres, laid it off into thirty-eight lots, nineteen on each side of that part of Rhodes avenue lying between Seventy-second and Seventy-third streets. He surveyed and platted the property. The plat was acknowledged as required by law, and recorded in the recorder's office of Cook county. It shows the size of the various lots, the streets upon which they are located, and the dimensions and numbers of the respective lots, but it contains nothing showing, or tending to show, an intention on the part of the proprietor of the subdivision to impose any condition or restriction whatever upon purchasers in reference to the mode or manner in which they should erect buildings on or use or improve the respective lots which might be purchased. No deed executed by the proprietor of the subdivision contained any covenant on

his part that on the sale of any of the lots embraced in the subdivision he would impose any restrictions on purchasers in regard to buildings to be erected by purchasers on the lots, nor does it appear that the proprietor ever entered into any contract under which he obligated himself to impose any restrictions on purchasers.

As will be seen from the following plat, the defendant's premises adjoin the lot owned by the complainant on the south. The south half of lot 36 and all of lot 35 lie directly south of the south line of complainant's lot, as indicated by the plat:

72nd St.

As has been seen, the deed from Dray, under which McGee obtained title to the premises occupied by him, contained a provision that no house should be erected upon a less portion of the premises than a frontage of 45 feet, and that no house should be erected upon the premises at a less cost than $2000 and be built less than 25 feet back from the front line of said premises, and the question presented by this record is, whether the adjoining lot owner, Clark, can maintain a bill to prevent the erection of a building contrary to the provision of the deed.

We think it well settled by the authorities that when the owner of two adjoining lots conveys one, and incorporates into the deed of the lot conveyed a covenant restricting the right of the grantee to build in a certain specified manner, which covenant is intended for the benefit of the other lot held by the grantor, a subsequent conveyance of the lot retained will pass or transfer the covenant to the grantee or grantees of such lot as an easement for the benefit of the lot, and the grantee may enforce the covenant against the owner of the other lot in an appropriate action. (*Coughlin* v. *Barker*, 46 Mo. App. 61, and cases there cited; *Hutchinson* v. *Ulrich*, 145 Ill. 336.) The law is also well settled, "where a tract of land is subdivided into lots, and these lots are conveyed to separate purchasers, subject to conditions that are of a nature to operate as inducements to the purchase, and to give to each purchaser the benefit of a general plan of building or occupation, so that each shall have attached to his own lot a right, in the nature of an easement or incorporeal hereditament, in the lots of the others, a right is thereby acquired by each grantee which he may enforce against any other grantee." *Sharp* v. *Ropes*, 110 Mass. 385.

It is claimed in this case, as we understand the argument, that the complainant is entitled to relief on the ground that Dray, the original proprietor of the tract of land, laid it off into thirty-eight lots, and adopted a general scheme or plan under which all the lots conveyed were to be subject to certain restrictions, which restrictions were intended for the benefit of the several lot owners. We do not concur in this view. There is nothing in the record to show that the restrictions placed in the deed to the defendant were part of a general plan adopted by Dray, the proprietor, for the benefit of the lots embraced in his Cottage Grove addition to Park Manor. In the conveyance of the lots by Dray no two of the deeds executed by him contained the same restrictions. They were somewhat similar, but not the same. Moreover, two

or three of the lots conveyed contained no restrictions whatever. The absence of the building restrictions from several of the deeds executed by Dray, as well as the variance in the terms and conditions of the restrictions embraced in the other deeds, destroyed the uniformity essential to establish a general plan. See *Dana* v. *Went-worth,* 111 Mass. 293; *Sharp* v. *Ropes, supra; Jewell* v. *Lee,* 14 Allen, 145; *Badger* v. *Boardman,* 16 Gray, 559; *Coughlin* v. *Barker, supra.*

The complainant has cited several cases in support of his position, but they do not, in our judgment, sustain him. The leading case relied upon is *Parker* v. *Nightingale,* 6 Allen, 341. In that case a bill interposed by a lot owner was sustained, but upon an examination of the case it will be found that a uniform plan was adopted under which all the lots should be conveyed, and that in pursuance of this general plan the deeds of all the lots contained the restrictions adopted, and in all subsequent conveyances the restrictions were repeated or referred to. We find no fault with the law as laid down in that case. Under the facts the law was properly declared, but the rule there adopted cannot be invoked under the facts of this case.

*Sanborn* v. *Rice,* 129 Mass. 387, is also cited, but upon looking into that case it will be found that the deeds of all the lots contained the same restriction.

*Child* v. *Douglas,* 2 Jur. (N. S.) 950, is also cited in the brief. It is there, among other things, said: "The law deducible from these principles and the authorities applicable to this case is, that where there is a general scheme or plan adopted and made public by the owner of a tract for the development and improvement of the property, by which it is divided into streets, avenues and lots, and contemplating a restriction as to the uses to which buildings or lots may be put, to be secured by a covenant embodying the restriction to be inserted in each deed to a purchaser, and it appears, by writings or by the cir-

cumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject to and to have the benefit thereof, and the covenants are actually inserted in all deeds for lots sold in pursuance of a plan, one purchaser and his assigns may enforce the covenant against any other purchaser and his assigns, if he has bought with knowledge of the scheme and the covenant has been part of the subject matter of his purchase."

Had a general plan or scheme been adopted in this case by the proprietor of the addition and uniformly adhered to in the conveyance of the lots, complainant might be entitled to maintain a bill. But such was not the case.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*