Ralph C. J. Wallace et al., Appellees, v. Avice Hoffman et al., Appellants.

Gen. No. 9,634.

Opinion filed February 28, 1949. · Released for publication March 28, 1949.

FILSON & WILLIAMSON and JOHN L. FRANKLIN, all of Champaign, for appellant.

ROLAND E. WINKELMANN, of Urbana, and THOMAS & MULLIKEN, of Champaign, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is a suit in equity brought by plaintiffs appellees, who are the owners of six of the twelve lots fronting on Green street between Second and Third streets in James R. Scott's subdivision, in the City of Champaign, Illinois, to enjoin defendant appellant from erecting a building on a part of one of the remaining lots, of which she is the equitable owner.

Lots 1 to 6 in Block 12 are situated on the south side of Green street between said Second and Third streets. Defendant owns a part of lot 2 and some of the plaintiffs own lots 1, 4, 5, and 6. Across the street and to the north are situated lots 7 to 12 of Block 9. Some of the plaintiffs own lots 10 and 11. Prior to the commencement of the action defendant had begun construction of a building, the north wall of which was contiguous with the north line of lot 2, which lot defendant's grantor held under a series of mesne conveyances from James R. Scott, the original proprietor of the subdivision. Plaintiffs base their cause of action upon a restriction contained in the 1901 deed from

said Scott to his immediate grantee for lot 2 which provided: "Building not to be placed nearer than 40 feet of Green Street."

The court heard the case on the pleadings and a stipulation of facts and by its decree of December 30, 1947, enjoined defendant from erecting on the portion of lot 2 owned by her, any building within 40 feet from Green street and further ordered her to remove so much of any building on such lot as was within the 40-foot prohibition. Defendant thereafter moved to vacate the decree on the ground of newly discovered evidence consisting of a decree of the circuit court of Champaign county entered April 14, 1922 in Chancery case No. 6647 entitled "Carrie M. Hanan vs. Joseph Evans et al." wherein all parties plaintiff to the instant case, except Ralph C. J. Wallace, were parties, and wherein the court by its decree found that the building line restrictions contained in various deeds in the subdivision (including the lots here in controversey) from Scott to his immediate grantee were but the personal covenant of the grantor and the grantee in each deed, that the restrictions therein were and are not covenants running with the land, and do not create any easement in each of said lots for the benefit of each of the others, and that such restrictions were not made as a part of a general and uniform scheme for the improvement and benefit of the property affected by the same.

The court denied defendant's motion, based upon the Hanan decree and on May 1, 1948, entered an order confirming its earlier decree, whereupon defendant appealed from both of such orders.

▓ The law is well settled that a restriction or covenant contained in a deed relating to the manner of use of land may be enforced against the original grantee's successors even though they were not parties to the deed, when it can be shown, expressly or by fair implication from the circumstances, that the re-

striction or covenant is part of a general scheme or plan for the mutual benefit of the owners of all lots in the particular tract. (*McGovern v. Brown*, 317 Ill. 73; *Clark v. McGee*, 159 Ill. 518; 26 C. J. S. Deeds, § 167; Restatement, Property, § 531, Comment D.)

The complaint in the instant case nowhere alleges the existence of such a general scheme or plan of restriction throughout the J. R. Scott subdivision. However it was alleged and admitted by answer that each of the deeds of the subdivider J. R. Scott, conveying the six lots on the north side of Green street between Second and Third streets, being lots 7 to 12 in Block 8, Scott's subdivision, contained a restriction prohibiting the erection of a building nearer Green street than thirty feet, and that such restriction has been uniformly observed by the owners of these lots. As to the six lots on the south side of the street in the same block, being lots 1 to 6, Block 12, Scott's subdivision, it is alleged and admitted that each of the subdivider's deeds conveying lots 1, 2, 5, and 6 contained a restriction prohibiting the erection of a building nearer than forty feet to Green street; that the original subdivider's deed conveying lot 3 established a building line at thirty feet; that the deed conveying lot 4 imposed no restriction at all. It is further alleged, but denied that the respective owners of lots 1 to 6 "have uniformly observed the thirty foot set back line" except that the owner of lot 3 a number of years ago erected a building "along or adjacent to the north line of said Lot 3," the latter allegation being expressly admitted by defendant's answer.

In the examination of the stipulated facts to determine whether or not plaintiffs have proved the allegations denied by defendant (for the purpose of narrowing the issues), it may be assumed but not decided, that the averments of plaintiffs constitute a sufficient allegation of the existence of a general plan necessary to state a cause of action, and it similarly may be as-

sumed that such general plan, if otherwise sufficient, need not relate to the whole of the tract or subdivision laid out by the common grantor or subdivider, but that a cause of action is stated if the plan relates merely to a tract comprising all of the lots on both sides of the street in a particular block within a subdivision.

The initial problem raised by the stipulated facts concerns the interpretation of the restrictions contained in the several deeds. Such restriction in the original deed conveying lots 1 and 2, Block 12, may, it appears, be taken as typical. This deed provides as follows: "Building not to be placed nearer than 40 feet to Green Street." It appears from the specifically admitted allegation of the complaint that the building on lot 3 is located "along or adjacent" to the north lot line and that the northerly line of this building is 14 feet and 4 inches south of the south curb line of Green street. Thus it is apparent that the south curb line of Green street, above ground, lies 14 feet 4 inches north of the southerly platted boundary of Green street, and that the full platted width of 66 feet is not used for street purposes.

Plaintiffs contend that the several restrictions in the deeds refer not to the platted property lines but from the paved portion of the street itself and argue that the correctness of their position is demonstrated not only by the plain meaning of the language in the deeds but by the uniform interpretation and application of the property owners, who, plaintiffs assert, have preserved a considerable part of each lot as a front lawn, affording the light, air, and view contemplated at the time the restrictions were imposed, materially enhancing the value of the lots and the block in question.

As a matter of construction it is difficult to agree with the contention of plaintiffs. The deeds containing the restrictions described the various parcels

in terms of the platted subdivision and there is no suggestion whatever that the grantor adopted any different basis of reference in imposing the restrictions. Moreover, paving and improvement of Green street to its full platted width would substantially frustrate any such purpose of the restriction. Beginning at the east end of the block on the south side of Green street, the stipulated facts show the following: Lot 1 and a part of lot 2 which are owned by plaintiff Roberts, lies immediately adjacent to defendant's property on the west, and is improved with a filling station, the northerly extremity of which stand 42 feet 6 inches south of the south curb line of Green street, and accordingly, does not violate the restriction, according to plaintiff's construction thereof. Lying north of the station building, however, are gasoline pumps and light standards within 25 feet and 12½ feet respectively, of the curb line, and consequently are within the restricted area. The northerly extremity of the building lies within 28 feet and 2 inches of the north lot line and encroaches 11 feet 10 inches upon the restricted area, if that area is measured from the lot line rather than the curb line.

The building located on defendant's property at the time of her purchase extended to within 50 feet of the south curb line or to within 35 feet 8 inches of the lot line, constituting an encroachment of 4 feet 4 inches on the 40 foot restriction, if that be measured from the lot line. To the west, on lot 3 adjoining defendant's property, owned by parties not involved in this suit, there has been located since about 1929, the building above referred to which stands flush with the north lot line or 14 feet 4 inches south of the curb line of Green street. This structure, even according to plaintiff's interpretation, extends over 15 feet into the 30 foot restricted area and is a 100 per cent violation with reference to the northerly lot line. It further appears that at least the northerly portion of this building is used for commercial purposes. On lot 4, the next lot

to the west, which is entirely without restrictions and which is owned by plaintiff Johnson, is located a dwelling which the stipulation shows to be located not less than 30 feet from Green street. Lot 5, the next lot to the west, also owned by plaintiff Johnson, is subject to a 40 foot building restriction, and it is stipulated that the dwelling on this lot is located not less than 30 feet south of the curb line, constituting as nearly as can be determined, an encroachment of approximately 10 feet on the restricted area, even under plaintiff's interpretation. Lot 6, lying on the westerly end of the block is owned by plaintiff Singbusch and is subject to a 40 foot restriction, whereas the dwelling thereon is located not less than 30 feet from the curb line, again constituting an encroachment of about 10 feet, under plaintiffs' interpretation.

As to the six lots across the street in this block, it is agreed that a uniform 30 foot restriction was contained in the deeds and that no dwelling on any of these lots violates the provision. Reverting to the south side of the street, and using plaintiffs' interpretation, out of a total of six lots, there are three clear violations; that the building line if observed at all, is lacking in uniformity, and that front yards are maintained at varying distances from the curb; and that one lot is entirely without restrictions. Interpreting the restrictions with reference to the platted lot lines, it appears that there are encroachments ranging up to 100 per cent on each of the five lots which were subject to deed restrictions.

While it has been held, as plaintiffs contend, that a general plan may be found to exist even though there are violations in, or complete omissions of restrictions in the deeds to some of the lots in the area affected by the plan (*Metcoff v. Dahlquist,* 252 Ill. App. 222; *Hoffman v. Schwan,* 312 Ill. App. 160) it seems clear that such violations and omissions are factors tending to weaken, rather than strengthen, the infer-

ence of the existence of any general plan. The latter is necessary to bind the successors in interest of a grantee whose deed contained a restriction.

██ Further significant factors in the instant case bearing upon the existence of such necessary general plan, are the admitted absence of any notice of restrictions in the recorded plat of the subdivision (*Clark v. McGee,* 159 Ill. 518), the absence of any undertaking on the part of the common grantor, Scott, obligating himself to impose similar restrictions on all lots, and failure of the deeds to the several lots in question to show that the restriction was intended to run with the land (26 C. J. S. Deeds, § 167), or to be binding on the successors and assigns of the original grantee (Restatement, Property, § 531 Co. C).

██ It is apparent that the existence of the necessary general plan in cases of the type here involved does not depend upon any particular one of these circumstances, but upon the weighing of all pertinent circumstances, which should be directed largely to determining whether the several restrictions imposed will, if enforced, impose burdens which are generally equal for the mutual benefit and advantage of the lot owners in the area affected. Upon consideration of the relevant circumstances above noted, it is the belief of this court, that no plan having such characteristics has been shown to exist with respect to even that limited portion of the subdivision as the block on Green street heretofore discussed. In *Clark v. McGee, supra,* it is said: ''The absence of the building restrictions from several of the deeds executed by the subdivider, as well as the variance in the terms and restrictions embraced in the other deeds destroyed the uniformity essential to establish a general plan.''

It is noted that the decree in the *Hanan* case, relied on by defendant in her motion to vacate, shows in considerable detail the restrictions on the lots fronting on Green street in other blocks within the subdivision,

and that with respect to the four blocks on Green street, nearly one-half of the lots are subject to no restrictions at all, while the remainder varied from 20 to 40 feet.

The law is well settled that even where a general plan is shown the restrictions under the plan will not be enforced where violations have been acquiesced in (*McGovern v. Brown,* 317 Ill. 73; *Curtis v. Rubin,* 244 Ill. 88; Restatement, Property, § 561) or where the character of the neighborhood has so changed since the restrictions were imposed as to defeat the original purpose of the plan (*Ewertsen v. Gerstenberg,* 186 Ill. 344).

It will appear from a reference to the foregoing detailed discussion as to the building lines in question on the south side of Green street, that plaintiffs Singbusch and Johnson, or their predecessors in title, have themselves violated the building restrictions imposed on lots 5 and 6 and it does not appear from the record that they objected to but rather that they acquiesced in the erection of a structure used for commercial purposes flush with the north line of lot 3 and patently in violation of the 30 foot restriction on that lot. With respect to lot 4, which is unrestricted, it appears that the plaintiff Johnson, or his predecessors in title, as owners, acquiesced in the erection of such building on lot 3. Furthermore there is no suggestion in the record that Johnson, Singbusch, or their predecessors, objected to the erection of a building on lot 12, Block 8, which is admittedly in violation of the 30 foot restriction relating to that lot, such lot being located on the northeast corner of Green street and Second street, diagonally across the street from the property of Singbusch. This building would appear to affect the interests of both Singbusch and Johnson as fully as would the erection of the proposed building on defendant's property, the subject of this suit. In addition to this, the violation as to lot 3 would seem to screen from them as owners of lots 4, 5, and 6, any view of defend-

ant's proposed structure; consequently such building of defendant would have no substantial or direct effect upon the light, air, or view of these plaintiffs.

It must be assumed that plaintiffs Wolf and Wallace, the owners of lots 10 and 11 in Block 9, respectively, likewise acquiesced in the clear violation of the restriction relating to lot 3, which violation has continued for a period of eighteen to twenty years, and is located at very nearly the same distance from the properties of these plaintiffs as is the site of defendant's proposed structure. It is difficult to believe that their light, air, and view would be affected any more directly and intimately by such proposed building than by the existing violation on lot 3 and it seems that such violation affects them but little.

It must also be assumed that plaintiff Roberts, the owner of lot 1, Block 12, which is improved by the aforesaid filling station, acquiesced in the violation of lot 3 restrictions, and it would appear that his vision westerly on Green street is impaired nearly as much by this building on lot 3 as it would be by defendant's proposed building. In addition the filling station of plaintiff Roberts, is under a correct interpretation of the building line restriction, substantially in violation thereof and the gasoline pumps and light standards maintained by him, undoubtedly constitute an obstruction to defendant's light, air, and vision toward the east.

█ The doctrine of acquiescence which will make unenforceable an otherwise valid plan of restriction is not based on rudimentary eye-for-eye notions of equity, but upon the proposition that tolerated violations of the restriction will, over the course of time, defeat the object of the restriction. In this connection it seems clearly evident that the restrictions imposed by Scott, the subdivider, on various of the lots, would only have been imposed on the assumption that the lots involved would be used for residence purposes. Otherwise it would have been useless and of no benefit to

anyone; such restriction would be a detriment rather than a benefit to anyone purchasing such lots for commercial purposes.

■ If it be assumed that there at one time existed a general and valid plan, it is proper to consider whether circumstances have now so changed that it is impossible to secure in any substantial degree the benefits intended to be secured by the restrictions. In order to make this determination, there cannot be disregarded the evidence in the stipulation that the lots on the northeast and southeast corners of Green and Third streets are used for commercial purposes, as are a considerable number of other lots in and around the subdivision. For the same reason it is proper to take into consideration the fact that the whole of Green street for a distance of about four blocks east and two blocks west of the block in controversy is zoned for retail stores and that the area immediately to the west thereof is zoned for light industrial use. This is not to say, however, that a zoning ordinance will invalidate an otherwise enforceable plan of restriction. (*Dolan v. Brown,* 338 Ill. 412.)

■ ■ For the reasons indicated, and having in mind that restrictions which interfere with the free use of property are not favored in law (*Curtis v. Rubin,* 244 Ill. 88) it is the opinion of this court that the circuit court erred in its findings that the restrictions imposed with respect to the lots on Green street between Second and Third streets, constituted an enforceable general plan of restriction, and that the plan remains enforceable in spite of violations of long standing, which have been acquiesced in, and in spite of changed circumstances respecting the use to which the property is being put.

The judgment of the circuit court is reversed and remanded with directions to enter a decree consistent with this opinion.

*Reversed and remanded with directions.*