Exchange National Bank of Chicago, as Trustee Under Trust Agreement Dated December 15, 1964, and Known as Trust No. 17988, Plaintiff-Appellant, v. City of Des Plaines, a Municipal Corporation, Defendant-Appellee, and Church of the Master—United Church of Christ, et al., Intervenors-Appellees.

Gen. No. 53,807.

First District.

June 26, 1970.

Maurice J. Nathanson and Frank Martoccio, of Chicago (Paul Peter Black, of counsel), for appellant.

Di Leonardi, Hofert and Samuelson, of Des Plaines (Robert J. Di Leonardi, of counsel), for defendant-appellee.

Moriarty, Rose, Faccenda and Hultquist, of Chicago (Donald M. Rose, of counsel), for intervenors-appellees.

ALLOY, J.

The action in the instant case was filed as a declaratory judgment suit to challenge the validity of a single-family zoning of the property of plaintiff Exchange

National Bank of Chicago as trustee under a certain trust under the zoning ordinance of the City of Des Plaines. In determining the cause, the propriety of the existing zoning was not determined by the trial court, but the court entered judgment against plaintiff on the collateral issue involving the existence of a subdivision restriction. An appeal is taken to this court from orders which held the restriction valid and binding on the plaintiff.

The record disclosed that plaintiff owned Lots 11, 12, and 13 in a subdivision known as A. T. McIntosh & Co.'s Des Plaines Acres in Cook County, Illinois. There are a total of 25 lots in the subdivision. Plaintiff desired to have the property rezoned and when all rezoning attempts failed, it filed a declaratory judgment action to declare the Des Plaines zoning ordinance invalid as applied to the three lots. The lots were zoned as R–2 (single-family residential). It was alleged in the complaint that plaintiff desired to use the lots for commercial display in the sale of model vacation homes. It was shown in the complaint that the property adjoining the lots on the west is occupied by a drive-in restaurant and a gas station, and that to the east of the lots there is a church and a residence type of property used by the church. On the north and south of the lots are two well-traveled roads, both of which are used for business traffic. The property just west of plaintiff's lots is outside Cook County, but plaintiff alleged that its lots took on the character of the business triangle just to the south of the lots. There were the usual contentions as to the highest and best use of the property and that the zoning restriction had no relation to health, safety and welfare. A declaration was sought to the effect that the zoning ordinance restriction, as applied to the lots of plaintiff, was invalid.

In its answer, the City of Des Plaines denied the allegations of the complaint and set forth that when the plat of the subdivision was filed in 1938, it contained a restriction that only single-family residences could be put on any of the 25 lots. The trial court allowed several property owners in the subdivision, including the church just east of plaintiff's lots, to intervene. These intervenors adopted the answer of the City of Des Plaines and also counterclaimed for declaratory judgment declaring that the use restrictions set forth for the subdivision were valid and enforceable as applied to plaintiff's lots. In the counterclaim, an injunction was also requested restraining plaintiff from using the lots for anything other than single-family residences. Plaintiff replied to the allegations of the intervenors and the city, by pointing out that there was a written agreement between some of the lot owners in the subdivision and the church, which provided that all covenants, agreements, conditions, reservations, restrictions, and charges established in any way prohibiting or preventing the construction, use and maintenance of buildings other than private residences or single-family dwellings on Lots 9 and 10 inclusive in the subdivision, were expressly abrogated and declared null and void as though the same had never been created. The agreement was signed by the owners of 13 of the 25 lots in the subdivision. Plaintiff did not sign the agreement. It is plaintiff's contention that the agreement "abrogated, terminated and nullified" all of the restrictions in regard to the subdivision and the use which could be made of the lots.

When the parties appeared for a hearing before the court, the attorney for the plaintiff suggested that the court first proceed on the counterclaim filed by intervenors which requested a declaratory judgment that the

plat restriction was still binding upon plaintiff. The parties therefore stipulated that plaintiff took title to the lots with notice of the recorded restriction; that the intervenors took title to their lots in reliance upon a continued enforcement of the restrictions and desired that the restriction be maintained; that the entire subdivision of 25 lots is developed with single-family homes except for the church lots and the 3 lots of plaintiff. It was also stipulated that the 1961 agreement referred to was signed by a majority of the lot owners, and that pursuant to the 1961 agreement a church was constructed on Lots 9 and 10 and continues to be used for a church. It was also stipulated that the City of Des Plaines allows churches in single-family residence districts.

Section 7A.3 of the Des Plaines Zoning Ordinance was read into the record. It provided that the zoning ordinance was not intended to abrogate any easement, covenant or other private agreement and also provided that where the regulations of the ordinance are more restrictive than the easements, covenants or other private agreements, the requirement of the zoning ordinance shall govern. Following argument on the issues, with no evidence other than the preliminary oral stipulation being presented, the trial court entered an order on October 22, 1968, which provided: "Now, therefore, it is ordered, adjudged and decreed that the intervenors, Church of the Master—United Church of Christ, et al., are hereby granted the relief prayed for in their counterclaim and the court hereby declares that the restriction contained in the plat . . . providing that all the lots in the subdivision are subject to the restriction that all buildings erected on such lots shall be single-family residences only is a valid and enforceable restriction and the plaintiff, its agents, servants, successors, grantees and assigns are enjoined from using the property . . .

for any purpose other than that permitted by the restriction."

Following the entry of such order, the City of Des Plaines moved to have the plaintiff's first amended complaint dismissed. Plaintiff moved to set aside the judgment order of October 22, 1968. The trial court entered an order denying plaintiff's motion to vacate and then entered an order dismissing plaintiff's first amended complaint against the City of Des Plaines with prejudice. The dismissal was based upon the previous order of the court which determined that the private restriction was valid and that plaintiff could only use its property for single-family residence purposes, and that, therefore, there was nothing left to litigate between the plaintiff and the City of Des Plaines.

■■ The important issue in the cause before us is whether the trial court conducted a proper hearing on intervenors' counterclaim, which requested a determination of the effect of the building restriction, as applied to the plaintiff's lots. This issue is required to be determined in light of the fact that Illinois restrictive covenants are not favored and their enforcement for years has rested in the chancery court, with emphasis on the equities involved in the cause. As has been noted in numerous cases in Illinois, the courts will not enforce restrictive building covenants when there has been such a change in the character or environment of the property involved, that either the purpose of the restriction is no longer aided by enforcement of the restriction, or if it would amount to an unreasonable hardship on the property owner to enforce such restriction. In light of such rule of law, plaintiff was entitled to present evidence, at the hearing on the counterclaim to enforce the restriction, showing any changes in the character and environment of the area. The failure of the trial judge to permit the introduction of such evidence was clearly

127

erroneous and the cause should be remanded to permit a full hearing on the questions presented. In such hearing the trial court should permit evidence relating to the question of the enforceability of the restriction at this time, and, in the event that the trial court finds that such restriction is now a nullity, the court should then hear evidence on the declaratory judgment request as to the effect of the City of Des Plaines zoning ordinance.

■ It has long been the established rule in the State of Illinois that restrictive covenants in deeds will not be automatically enforced by the court. As early as 1896, the Illinois courts began to look for ways to avoid the application of deed restrictions when equities were with the property owner who was hampered by such restrictions. In Ewertsen v. Gerstenberg, 186 Ill 344, 57 NE 1051, the court quotes the general rule (at 349–50):

> "Equity will not, as a rule, enforce a restriction, where, by the acts of the grantor who imposed it or of those who derived title under him, the property, and that in the vicinage, has so changed in its character and environment and in the uses to which it may be put as to make it unfit or unprofitable for use if the restriction be enforced, or where to grant the relief would be a great hardship on the owner and of no benefit to the complainant, or where the complainant has waived or abandoned the restriction,—or, in short, it may be said that where, from all of the evidence, it appears that it would be against equity to enforce the restriction by injunction relief will be denied, and the party seeking its enforcement will be left to whatever remedy he may have at law."

In Piper v. Reder, 44 Ill App2d 431, 195 NE2d 224, the court in citing Ewertsen v. Gerstenberg, said (at 436):

> "Restrictive covenants respecting buildings will not be enforced where there has been such a change in the character and environment of the property that either the objective of the restrictions cannot be accomplished by their enforcement, or if by such change it would be unreasonable or oppressive to enforce them."

As stated in Wallace v. Hoffman, 336 Ill App 545, 84 NE2d 654, at 554:

> "The law is well settled that even where a general plan is shown the restrictions under the plan will not be enforced where violations have been acquiesced in (McGovern v. Brown, 317 Ill 73; Curtis v. Rubin, 244 Ill 88; Restatement, Property, § 561) or where the character of the neighborhood has so changed since the restrictions were imposed as to defeat the original purpose of the plan (Ewertsen v. Gerstenberg, 186 Ill 344)."

In the Wallace v. Hoffman case, the court had further commentary on the doctrine of acquiescence on page 555 where it says:

> "The doctrine of acquiescence which will make unenforceable an otherwise valid plan of restriction is not based on rudimentary eye-for-eye notions of equity, but upon the proposition that tolerated violations of the restriction will, over the course of time, defeat the object of the restriction."

In the Wallace v. Hoffman case, it was recognized that in determining the character of the neighborhood which may have changed since the restriction was made, it was proper to consider zoning changes in the area also. The court there stated that while it was clear that a zoning ordinance would not invalidate an otherwise enforceable restriction, it was one factor which

could be considered in showing a change in the character of the area.

■ At the conclusion of the discussion as to whether the construction of the church itself and the abrogation agreement of 1961 nullified the deed restriction, the trial judge stated: "If you want me to give you a decision now, I would hold that the church does not open it up and it maintains a character of the neighborhood and the restrictive covenant is still applicable." Plaintiff then attempted to introduce other evidence of changes in the character and environment of the neighborhood such as the drive-in restaurant next to plaintiff's lot on the west, but the court refused to hear such evidence and decided in favor of the intervenors on their counterclaim. It is clear from the record that in agreeing to the stipulations as to the construction of the church and the abrogation agreement in 1961, plaintiff was not agreeing that these were the only matters of evidence affecting the decision on intervenors' counterclaim. Plaintiff indicated a desire to present other evidence with respect to the change in the character and environment of the area where the lots were located. On the basis of such cases as Ewertsen, Wallace, and Piper referred to in this opinion, plaintiff had the right to present such evidence. It is disclosed that plaintiff wished to present evidence to show a commercial development on virtually all sides of its lots. It also wished to present evidence of zoning changes in the area of the lots in question which it had the right to do. Zoning changes, allowing commercial development in the area of the plaintiff's lots would not automatically nullify the deed restriction, but were factors which should be considered. Plaintiff also desired to present evidence showing how construction of the church physically separated its lots from the rest of the subdivision causing the lots to take on the character of the commercial development to the west of such lots and

130

lose the character of the rest of the lots in the sub-division. With a drive-in restaurant adjoining its lots on the west and a gas station adjoining the restaurant, plaintiff wished to show that the development of a large shopping center in the area would certainly affect plaintiff's position, particularly if the restrictions allowed only a theoretical use which could not be implemented practically. Plaintiff also desired to show the development of a large shopping center in the area as evidence of the change in the character and that there were no single-family residences built in the area in the last 20 years. All of these matters were set forth in plaintiff's motion to set aside the judgment order.

■ On the basis of the record, therefore, it is clear that the trial court erred in refusing to permit plaintiff to make such showing as it could of any material change in the character of the area which could operate to nullify the restriction.

An issue which confronted the court, would be required to be considered in this cause upon remandment, was whether the construction of the church, or the making of the abrogation agreement or a combination of the factors nullified the building restriction as a matter of law. We do not believe it is necessary to determine this issue since existence of the church together with the 1961 abrogation agreement, and the fact that those lot owners who did not sign such agreement may have acquiesced in such violation by failing to bring any action against the church, were all matters which could be considered in determining if the restriction has been nullified. This would still require the determination by the court of a question of fact to be resolved after consideration of all the circumstances and evidence of any changes in the neighborhood.

■ ■ Another issue presented was whether it was proper for the intervenors to request enforcement of the deed restriction, since some of the intervenors signed

the 1961 abrogation agreement and one of the intervenors was the church itself. We do not believe that the intervenors would be estopped from advancing their contentions with respect to the restriction issue. It appears that the issue of the right of intervenors to raise the question of the validity of the building restriction was not raised in the trial court and cannot be raised for the first time on appeal. While it is true that violators of a restriction cannot come into equity and seek enforcement of such restriction (Curtis v. Rubin, 244 Ill 88, 91 NE 84; McGovern v. Brown, 317 Ill 73, 147 NE 664), ordinarily, one who merely signs an abrogation agreement, is not actually a violator of the restriction.

■ Another issue which was raised was whether the appeal was correctly prosecuted by the plaintiff in this cause. Defendant appellee contends that plaintiff did not properly take an appeal from the order of October 28, 1968, which held the restriction valid. The notice of appeal which was filed by plaintiff on December 20, 1968, stated that plaintiff was appealing from the judgment order of November 27, 1968, wherein the trial court denied plaintiff's motion to set aside its previous order of October 22, 1968. The notice of appeal also stated that plaintiff was appealing from the order striking the amended complaint. The October 22, 1968, order was not final until the motion to set it aside had been heard and determined by the trial court. The hearing on the motion to vacate the order of October 22 was set for November 27 in the order of October 22. When the motion was denied on November 27, plaintiff thereafter had a 30-day period within which to file its notice of appeal. If plaintiff in the cause before us had attempted to appeal the October 22 order and also file the motion to vacate such order as allowed in the October 22 order, this would have been inconsistent with the October 22 order which allowed plaintiff 30 days to file the

motion to vacate. The appeal was, therefore, properly taken.

Since this cause will be remanded for a full hearing on the merits, evidence of zoning changes may be considered together with other evidence of a change, if any, in the character of the area. It is apparent that if the trial court had determined the building restriction to be valid, following a full hearing, which would give plaintiff ample opportunity to present such evidence as it desired, to show any change in the character of the neighborhood, then it would have been appropriate to consider dismissal of plaintiff's declaratory judgment action. In the event that the building restriction is found inapplicable at this time to plaintiff's property, then plaintiff should be allowed to present evidence in the declaratory judgment action in an attempt to show that the zoning ordinance is invalid as applied to the particular lots.

In view of the record, this cause will be reversed and remanded to the Circuit Court of Cook County, with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded.

RYAN, P. J. and STOUDER, J., concur.