DONALD LoBIANCO *et al.*, Plaintiffs-Appellants, v. ESSAC CLARK *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—3453

Opinion filed June 15, 1992.

Muscarello, Crisanti & Young, P.C., of Elgin (Thomas P. Young, of counsel), for appellants.

Brittain & Ketcham, P.C., of Elgin (Leo M. Flanagan, Jr., of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Donald and Opal LoBianco, owners of lots numbers 10 and 11 in the subdivision of Shady Oaks, Elgin, Cook County, Illinois, brought action against defendants, owners and other interested parties in lots 1 through 9 of the subdivision, to remove certain alleged restrictions from the development of their lots. The parties stipulated to the facts, and after cross-motions for summary judgment, the trial court denied plaintiffs' motion and granted defendants' motion. On appeal, plaintiffs contend that the trial court erred in finding that the facts as stipulated by the parties indicated a general plan of development regarding the use of the land within the Shady Oaks subdivision. For the following reasons, we affirm.

The following are the stipulated facts. There are 11 lots located within the subdivision of Shady Oaks, all originally owned by Harold E. and Anna M. Dab and Lillian R. and John H. Rauschert, who are all now deceased. The original plat of subdivision for Shady Oaks contained no restrictions as to building.

The original deed to lot 1 contained a restriction allowing only the construction of a residential building with a minimum square footage of 1,200 square feet and a further limitation that the plans and specifications had to be approved by the grantors, Harold and Anna Dab, or their legal representatives. Subsequent deeds to lot 1 did not contain this restriction.

The original deeds to lots 2 and 3 contained the restriction that the buildings and plans had to be approved by Harold Dab and John Rauschert, but did not limit the type of structure or provide that the structure must be residential in nature.

Lot 4 contains the restriction "subject to building lines, covenants, conditions and restrictions of record." Lot 5 never contained any restrictions. Lots 4 and 5 were the developers' own lots, and they built single-family homes upon the lots. The original deed to lot 6 contained the restriction "no private residence less than 1,200 square feet." Lot 7 never contained any restrictions dealing with the use of the property.

The original deed to lot 8 contained the restriction that any structure constructed on the premises must conform to other dwelling houses in the subdivision unless the plans and specifications were approved by one of the grantors or their legal representatives. The original deed to lot 9 contained a restriction that no private residence less than 1,200 square feet could be erected on the premises.

On May 29, 1973, the plaintiffs purchased lots 10 and 11 in the subdivision of Shady Oaks, with no restrictions recorded in the deeds. However, the deeds to lots 10 and 11 contain the following restriction in the chain of title:

"No structure of any kind shall be erected or permitted upon said premises or any part thereof except if it is of new construction and in general conformity with the present dwelling houses in this subdivision, with not less than 1200 square feet of living area, and unless the plans and specifications for the same shall first have been submitted to and approved by at least one of the grantors or his legal representatives."

To date, lots 1 through 9 are improved with single-family residences and occupied as such.

In examining the evidence, the court determined that a general plan of development existed for the subdivision, and that the covenants to lots 10 and 11 ran with the land. Plaintiffs' timely appeal followed.

Plaintiffs contend that the trial court erred in finding a general plan of development regarding the use of the land within the Shady Oaks subdivision. Plaintiffs argue that because the original grantors failed to record the restrictions with the original plat of subdivision and failed to apply uniform restrictions to all of the lots a general plan is not established.

The law is well settled that a restriction or covenant contained in a deed relating to the manner of use of land may be enforced against the original grantee's successors where it can be shown, expressly or by fair implication from the circumstances, that the restriction or covenant is part of a general scheme or plan for

the mutual benefit of the owners of all lots in a particular tract. (*Wallace v. Hoffman* (1949), 336 Ill. App. 545, 84 N.E.2d 654.) In determining whether a general plan or scheme exists for a subdivision, courts consider the following factors: (1) whether the restrictions are included in all deeds to the subdivision; (2) whether the restrictions have been previously violated; (3) whether the burdens imposed are generally equal and for the mutual benefit and advantage of all lot owners; and (4) whether notice of the restrictions is given in the recorded plat of subdivision. (*Cornell v. County of Du Page* (1978), 58 Ill. App. 3d 230, 374 N.E.2d 1; *Wallace*, 336 Ill. App. at 552-53.) The existence of a general plan does not depend upon any particular one of these circumstances, but upon the weighing of all pertinent circumstances. (*Wallace*, 336 Ill. App. at 553.) A general plan may be found even where there are complete omissions of restrictions from some deeds. (*Pasulka v. Koob* (1988), 170 Ill. App. 3d 191, 524 N.E.2d 1227.) The absence of a restriction from a deed succeeding the grantor's deed to the same lot is of no consequence; where the deeds are recorded and the restriction appeared in the chain of title, subsequent notice is given to purchasers of the existence and binding force of the restriction. *Housing Authority v. Church of God* (1948), 401 Ill. 100, 81 N.E.2d 500; *Dolan v. Brown* (1930), 338 Ill. 412, 170 N.E. 425.

The trial court found that the evidence indicated the following:

> (1) That restrictions were included in a substantial number of the deeds; (2) that none of the restrictions were previously violated; (3) that the restrictions are not identical, but that the purpose was to have dwelling houses there; and (4) that the burdens imposed are generally equal and for the mutual benefit of all the other lot owners.

Summary judgment is proper when the parties have stipulated to the facts and the moving party is entitled to judgment as a matter of law. (*Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 517 N.E.2d 1187.) We agree with the trial court that from the facts, a general plan of subdivision is established.

In the present case, the subdivision consists of 11 lots. All but three of the lots contain restrictions, and two of the three lots that do not contain restrictions were the homes of the developers of the subdivision. Restrictions appear in the chain of title to both of plaintiffs' lots, 10 and 11, even though the restrictions do not appear in plaintiffs' deeds. All nine lots owned by the defendants are developed as single-family homes and occupied as such. The facts do not show that the restrictions have been waived or abandoned

through violations. See *Wallace*, 336 Ill. App. at 552 (buildings on 5 out of 12 lots were 100% in violation of building line restriction, thus general plan could not be enforced).

Plaintiffs further contend that the change in character of the neighborhood renders the restrictions unenforceable. Plaintiffs argue that their lots border on Illinois Route 58, that the property across Route 58 from the subdivision is commercial, and that property to the west of plaintiffs' lots is zoned commercial.

■ It is well settled that restrictive covenants will not be enforced where there has been such a change in the character and environment of the property that either the objective of the restrictions cannot be accomplished by their enforcement or if by such change it would be unreasonable or oppressive to enforce them. *Exchange National Bank v. City of Des Plaines* (1970), 127 Ill. App. 2d 122, 262 N.E.2d 48.

■ Plaintiffs' contention is without merit. The trial court found that a common plan existed "because of the character of the area." The evidence indicates that none of the residential restrictions have been abandoned in lieu of commercial purposes. Further, the evidence does not show that any of the commercial property in the vicinity of the subdivision is subject to the same restrictions as the property within the subdivision. See *Ewertsen v. Gerstenberg* (1900), 186 Ill. 344, 353, 57 N.E. 1051.

In light of the above, plaintiffs have failed to show that the trial court erred in finding a common plan in the development of the Shady Oaks subdivision.

For the above reasons, we affirm the judgment of the trial court.

Affirmed.

O'CONNOR and MANNING, JJ., concur.