Lawrence W. Wayne et al., Plaintiffs-Appellees, v. Andrew Baker et al., Defendants-Appellants.

Gen. No. 10,826.

Second District.

July 22, 1955.

Released for publication August 11, 1955.

Clyde C. Trager, and James Cunningham, both of Peoria, for appellants.

Sutherland & Sutherland, of Peoria, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

As the owners of a tract of real estate located approximately three miles west of Peoria, Arthur Yergler had the same platted into 115 lots, streets and courts which became incorporated into the Village of Bellevue. The plat was filed for record on March 25, 1937, and the subdivision was called and is known as Bellevue Acres. Prior to May 1, 1938, twelve lots of this subdivision were sold and conveyed and five more lots were sold by contracts for deeds and conveyances were thereafter made to the purchasers. On March 23, 1939, lot 47 in Block C was conveyed to a church. None of these eighteen deeds contained the restrictive clause hereinafter referred to.

Ninety-three of the remaining lots were thereafter sold to various persons and each deed contained the following restriction, viz.: "No part of the premises shall be owned, occupied or encumbered by any persons not of the Caucasian race. No junk or disabled automobiles or other unsightly property shall be stored or kept upon said premises. No portion of the premises shall be used for the manufacture or sale of intoxicating liquor, nor for any immoral purposes." Of the remaining four lots in the subdivision, three have been sold under contracts and each contract contains the above restriction, which leaves one lot still owned by the original proprietor.

Sometime during the year 1938, Yergler and the defendants, Andrew Baker and Delia Baker, his wife, entered into a written contract by the provisions of which Yergler agreed to sell and the Bakers agreed to purchase lots 9 and 10 and a portion of lot 11 in Block A of this subdivision for a stipulated consideration to be paid in installments. Shortly thereafter and in 1938, the Bakers commenced the operation of a grocery store located on said premises and continued to operate the same until April 1951, when they converted their grocery into a tavern. On December 17, 1945, the Bakers, having completed their payments under the contract, received a warranty deed from Yergler for the premises purchased, which deed was made pursuant to the provisions of the contract of purchase and contained the restrictive clause above set forth.

On April 18, 1951, Lawrence W. Wayne, Helen Wayne, Howard Wiseman, Bertha Wiseman, Ervell White, Margaret White, Charles Ulbricht, Harold Gordon, Thelma Gordon, Hugh Miller, Emma Miller, Anna Badger, John H. Mitchell, Florence Mitchell, William H. Penrod, Geneva Penrod, Orie A. Miller, Leroy A. Caho, Geneva I. Caho, Russell Gilmore, Ramona Gilmore, Merle J. Williams, Alice Williams, James Turpin, Florence Turpin, Robert Turpin and Nancy Tur-

pin filed the instant complaint in the circuit court of Peoria county seeking an injunction restraining the said Bakers from violating the restrictions contained in said deed of conveyance and restraining them and their son, Charles Baker, from selling liquor on said premises.

The defendants answered the complaint to which the plaintiffs replied and the issues thus made were referred to the Master, who reported the evidence and his conclusions recommending a decree in accordance with the prayer of the complaint. Objections and exceptions to this report were overruled, the Master's report approved, and from a decree perpetually restraining the defendants from selling intoxicating liquor on the premises involved herein and from violating the restriction that no part of said premises shall be used for the manufacture or sale of intoxicating liquor, defendants appeal.

Counsel for appellants argue that the law discourages restrictions and limitations upon the free use of real estate by the owner thereof; that restrictions to be beneficial to all of the lot owners in a subdivision should be placed of record and that this is done usually by filing an affidavit of restrictions along with the dedication at the time of the filing of the plat of the subdivision; that where this conventional method is not followed, then, in order to make the restrictions, which the owner may place in individual deeds, something more than a personal contract between the owner and the several grantees, the instrument of conveyance must clearly state that the owner so intended such restrictions to be for the benefit of all lot owners and a uniform restriction should be included in virtually every deed. Counsel conclude that although this restriction appears in the deed of conveyance to appellants, it was binding only upon the parties thereto, and inasmuch as Arthur Yergler is not a party to this proceeding, the restriction is not enforceable.

In support of this contention, counsel for appellants cite Metcoff v. Dahlquist, 252 Ill. App. 222 and Wallace v. Hoffman, 336 Ill. App. 545. The facts in either of these cases are not analogous to the facts in the instant case. In the Metcoff case the court held there was no general scheme or plan and hence the restrictions were not enforceable. In the Wallace case a set-back restriction was involved. The court noted that nearly one-half of the lots involved were subject to no restrictions and that the remainder varied from twenty to forty feet. The restrictions therefore were not uniform.

█ In the instant case, appellants do not and could not contend that the restriction is not uniform. Since approximately May 1, 1938, the identical restriction, which appears in appellant's conveyance, was incorporated in every deed executed. In Clark v. McGee, 159 Ill. 518, at page 524, it is said: "The law is well settled that 'where a tract of land is subdivided into lots and these lots are conveyed to separate purchasers subject to conditions that are of a nature to operate as inducements to the purchase and to give to each purchaser the benefit of a general plan of building or occupation so that each shall have attached to his own lot a right in the nature of an easement or incorporeal hereditament in the lots of the others, a right is thereby acquired by each grantee which he may enforce against any other grantee.'" In Housing Authority of Gallatin County v. Church of God, 401 Ill. 100, at page 108, it is said: "The restrictions upon the use of property in a particular subdivision, as here, and which are imposed as a part of a general plan for the benefit of all the lots affected, give to the purchasers of the lots a right in the nature of an easement which will be enforced against owners of other lots so affected where the intention is clearly shown by the restriction and the enforcement of them is necessary for the protection of substantial rights." See also Cuneo v. Chicago Title & Trust Company, 337 Ill. 589.

The decree based upon the Master's report found that Yergler, by inserting this restrictive covenant in his several articles of agreement for deeds and in all his conveyances from and after November 1, 1937, pursued a course of conduct indicating a neighborhood scheme relative to these restrictions, which led the several purchasers to assume its adoption and the adherence of all owners to it by such conduct including the defendants. Ninety-six of the 115 lots comprising this subdivision carry this restriction. Furthermore the record discloses that the owner of this subdivision platted five other subdivisions contiguous to Bellevue Acres, which make up one connecting tract of land. These subdivisions are all within the Village of Bellevue and this restriction was included in all deeds issued after May 1, 1938.

██ The findings of the Chancellor that the restrictions were uniform and a part of a general plan for all the lots affected are the only conclusions justified by this record. As stated in Wallace v. Hoffman, 336 Ill. App. 545, a general plan may be found to exist even though there are complete omissions of restrictions in some of the lots in the area affected by the plan. In 26 C. J. S. 512, it is stated: "It is no defense to an action to enforce such covenants that similar ones were not imposed on the sale of other parcels."

In Wiegman v. Kusel, 270 Ill. 520, at page 523, it is said: "The right to enforce this restriction upon the use of the land is based not upon the agreement made by the subsequent purchaser, but upon the theory that each purchaser buying a lot with notice of a general plan of improvement impliedly assents thereto and can be compelled to comply therewith at the suit of the owner of any other lot without reference to the order in which the lots were sold." The proof here is that all of the plaintiffs are the owners of lots in Bellevue Acres subdivision and, with the exception of John H. Mitchell and Florence Mitchell, reside in the subdivi-

374

sion and that the several conveyances by which they acquired title to their property contained the restriction involved in this proceeding.

The record here discloses that after a few lots in this subdivision were sold, the owner adopted a general plan of restricting the use of all the remaining lots. That plan was consistently followed. The restrictions were uniform. No authority has been cited or found which sustains appellant's contention. The decree appealed from will be affirmed.

Decree affirmed.

EOVALDI, J., concurs.